# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| CAMERON BURRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-02035-SHM-dkv |
| | ) | |
| INDIGO AG INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are three motions. On January 24, 2020, Plaintiff Cameron Burrell filed a Motion to Remand to State Court (the "Motion to Remand"). (ECF No. 7.) On January 30, 2020, Burrell filed a Motion for Expedited Emergency Hearing. (ECF No. 8.) On February 3, 2020, Defendant Indigo AG Inc. ("Indigo") filed a Motion to Compel Arbitration and Stay Proceedings. (ECF No. 11.) Indigo has not responded to the Motion to Remand or the Motion for Expedited Emergency Hearing. For the following reasons, the Motion to Remand is GRANTED. The other motions are DENIED AS MOOT.

**I. Background**

On December 12, 2019, Burrell filed a Petition for Injunctive Relief (the "Initial Petition") against Indigo in the

Chancery Court of Shelby County, Tennessee. (ECF No. 1-3 at 2-10.) Burrell farms land in Sunflower County, Mississippi, that he leases from the State of Mississippi. (Id. at 3 ¶ 1.) In September 2019, Burrell entered into a contract with Indigo (the "Contract") in which Burrell agreed to sell Indigo 50,000 bushels of soybeans. (Id. at 3 ¶ 2.) Burrell has delivered 8,688.58 of the bushels but has canceled the remainder of the Contract. (Id. at 4 ¶ 4; id. at 21.) The unpaid proceeds for the completed portion of the Contract are $77,850. (See id. at 21; see also ECF No. 1 ¶ 22.) In November 2019, Indigo informed Burrell that it would assess a cancellation penalty of approximately $48,000 of the $77,850 in proceeds it owes Burrell under the Contract. (ECF No. 1-3 at 4-5 ¶ 5.) In the Initial Petition, Burrell sought an injunction "restraining and enjoining [Indigo] from making penalty deductions from [his] account." (Id. at 2.) On December 12, 2019, Burrell's counsel emailed a copy of the Initial Petition to a member of Indigo's in-house counsel team. (Id. at 10.) On December 13, 2019, Indigo's counsel filed a notice of appearance in the Chancery Court. (ECF No. 7-1.)

On January 6, 2020, Indigo filed a motion to dismiss the Initial Petition for failure to join an indispensable party. (ECF No. 1-3 at 85-91.) On January 10, 2020, the Chancery Court held an injunction hearing. (See generally id. at 144-267.) At that hearing, the Chancery Court denied Indigo's motion to

2

dismiss; granted a mandatory injunction; ordered Indigo to pay the cancellation penalty into escrow with the Chancery Court; and ordered Indigo to pay the balance of the proceeds owed under the Contract to the State of Mississippi. (Id. at 222-23, 233-41.) On January 13, 2020, Burrell filed an Amended Petition for Injunctive Relief and Money Damages (the "Amended Petition"). (ECF No. 1-1.) The Amended Petition reiterates the factual allegations of the Initial Petition, reiterates Burrell's request for an injunction, and adds several claims for damages. (See generally id.) On January 16, 2020, Indigo removed to this Court. (ECF No. 1.) On January 24, 2020, Burrell filed the Motion to Remand. (ECF No. 7.)

**II. Jurisdiction**

In its Notice of Removal, Indigo asserts that the requirements for diversity jurisdiction have been satisfied. (ECF No. 1 ¶¶ 7-22.) Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

The Court has diversity jurisdiction over this matter. Burrell is a resident citizen of Tennessee and Indigo is a Delaware corporation with its principal place of business in Massachusetts. (ECF No. 1 ¶¶ 14-15.) The amount in controversy

3

requirement is satisfied. Burrell's claims are based on the $77,850 in unpaid proceeds under the Contract. (Id. ¶¶ 21-22.)

**III. Standard of Review**

On a motion to remand, the removing party bears the burden of establishing that removal was proper. Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). Removal jurisdiction requires a showing that the federal court has original jurisdiction over the action, either through: (1) diversity of citizenship under 28 U.S.C. § 1332; or (2) federal question jurisdiction under 28 U.S.C. § 1331. 28 U.S.C. § 1441. Notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). "The removal petition is to be strictly construed, with all doubts resolved against removal." Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (citing Wilson v. USDA, 584 F.2d 137, 142 (6th Cir. 1978)).

**IV. Analysis**

Burrell argues that remand is appropriate because Indigo's removal was untimely and because Indigo waived its right to remove. (ECF No. 7 at 4-7.) Both of Burrell's arguments are well-taken.

**A. Timeliness**

Notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[T]he removal period is commenced when the defendant has in fact received a copy of the initial pleading that sets forth the removable claim." Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th Cir. 1993). "The 30-day period in § 1446(b)(1) starts to run only if the initial pleading contains 'solid and unambiguous information that the case is removable.'" Berera v. Mesa Med. Grp., PLLC, 779 F.3d 352, 364 (6th Cir. 2015) (quoting Holston v. Carolina Freight Carriers Corp., 936 F.2d 573 (6th Cir. 1991) (unpublished table opinion)). "Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice." Id.

The 30-day removal period in this case began on December 12, 2019, when Burrell's counsel emailed Indigo's counsel a copy of the Initial Petition. (ECF No. 1-3 at 10.) Indigo states in

5

its Notice of Removal that it was not served with the Initial Petition until January 7, 2020. (ECF No. 1 ¶ 10.) That fact is not material for purposes of determining when § 1446(b)(1)'s removal clock began to run. See Tech Hills II, 5 F.3d at 967-68 (adopting the "'receipt' rule, which views the actual receipt by a defendant of a complaint as sufficient to commence the thirty-day [removal] period, irrespective of the technicalities of state service of process requirements") (citations omitted).

When it received a copy of the Initial Petition on December 12, 2019, Indigo had "solid and unambiguous information" that this case was removable. Berera, 779 F.3d at 364. The Initial Petition asserted a claim for injunctive relief addressing the unpaid proceeds due Burrell under the Contract. (ECF No. 1-3 at 2-10.) A December 4, 2019 cancellation notice that Indigo sent Burrell -- which Burrell attached as an exhibit to the Initial Petition -- makes clear that the value of those unpaid proceeds was 8,688.58 bushels at $8.96 per bushel. (ECF No. 1-3 at 21.) That equals $77,850. On the face of the Initial Petition and its exhibits, the amount in controversy requirement was satisfied. See, e.g., Marshall v. RMH Franchise Holdings, Inc., No. 5:19-cv-039, 2019 WL 3877568, at *2-3 (E.D. Ky. Aug. 16, 2019) (although "the state court complaint did not expressly state the amount of damages sought," defendants had notice that case was removable because a "stipulation attached to the state

6

court complaint" informed defendants that plaintiff sought in excess of $1,000,000 in damages); D'Itri v. Encompass Indem. Co., No. 4:16-cv-0346, 2016 WL 8674656, at *2 (N.D. Ohio July 1, 2016) (defendant had notice that case was removable when plaintiffs filed a complaint seeking insurance coverage for "loss inventories exceed[ing] $75,000"); Mozee v. Dugger, 616 F. Supp. 2d 672, 674 (W.D. Ky. 2009) (defendants had notice that case was removable where, "upon receiving the complaint[,] Defendants were easily able to ascertain that it exceeded the minimum jurisdictional amount").

In its Notice of Removal, Indigo argues that "no grounds for removal existed" when Burrell filed the Initial Petition because the Initial Petition "only sought injunctive relief." (ECF No. 1 ¶ 10.) Indigo argues that the case did not become removable until January 13, 2020, when Burrell filed the Amended Petition asserting claims for money damages. (Id. ¶ 11.) That is not a correct statement of the law. Cases where plaintiffs seek injunctive relief are as subject to diversity jurisdiction as any other types of cases. "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co., 621 F.3d 554, 560 (6th Cir. 2010) (quoting Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977)); see also

7

28 U.S.C. § 1446(c)(2)(A) (providing that, when removal is sought on the basis of diversity jurisdiction, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief").

As Indigo recognizes, this case is about "the proceeds of [Burrell's] crop yield," which equal "8,688.58 [bushels] at a price of $8.96 per bushel for a total amount of $77,849.68." (ECF No. 1 ¶ 22.) The "object of the litigation" has a value in excess of $75,000. That fact was clear from the Initial Petition and its exhibits. (See ECF No. 1-3 at 2-10, 21.)

The 30-day removal period in this case began on December 12, 2019, when Indigo received a copy of the Initial Petition. It elapsed on Monday, January 13, 2020, the first weekday after the 30-day period ended. See Fed. R. Civ. P. 6(a)(1)(C). Indigo filed the Notice of Removal on January 16, 2020. (ECF No. 1.) The Notice of Removal was untimely. Remand is appropriate.

**B. Waiver**

"The right of removal of a suit from state court to federal court is a statutory right." Regis Assocs. v. Rank Hotel (Mgmt.) Ltd., 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441)). "That right may be waived, however, by acts taken subsequent to the creation of the right that indicate a submission to the jurisdiction of the state court." Bolivar Sand Co., Inc. v. Allied Equip., Inc., 631 F. Supp. 171, 172

8

(W.D. Tenn. 1986). "[S]uch waiver must be clear and unequivocal." Regis Assocs., 894 F.2d at 195.

Federal courts routinely find that the filing of a dispositive motion in state court constitutes a clear and unequivocal waiver of the right to remove. See, e.g., Sole Supports, Inc. v. Mojo Feet, LLC, No. 1:13-cv-0061, 2013 WL 12336228, at *2 (M.D. Tenn. Aug. 7, 2013) (collecting cases and finding that defendants' filing of a motion to dismiss for failure to state a claim "constituted a waiver of the Defendants' right to removal"); Hughes v. UPS Supply Chain Solutions, Inc., 815 F. Supp. 2d 993, 998 (W.D. Ky. 2011) (collecting cases and holding that "Defendants waived their right to removal by filing a motion to dismiss in state court while . . . their alleged grounds for removal existed"). "[I]f a potentially dispositive motion, such as a motion to dismiss, is made and argued by the defendant, the state court's adverse decision cannot be 'appealed' to this Court by way of removal." Bolivar Sand, 631 F. Supp. at 173.

As discussed supra, this case was clearly removable as of December 12, 2019. Rather than remove, Indigo filed a motion to dismiss for failure to join an indispensable party on January 6, 2020. (ECF No. 1-3 at 85-91.) The Chancery Court denied Indigo's motion to dismiss on January 10, 2020 (id. at 222-23), after which Indigo removed to this Court. (ECF No. 1.) By pursuing

9

a dispositive motion in the Chancery Court, Indigo waived its right to remove. Remand is appropriate.

**V.   Conclusion**

For the foregoing reasons, Burrell's Motion to Remand to State Court is GRANTED. The Motion for Expedited Emergency Hearing and the Motion to Compel Arbitration and Stay Proceedings are DENIED AS MOOT. This case is REMANDED to the Chancery Court of Shelby County, Tennessee.

So ordered this 6th day of February, 2020.

                                     /s/ *Samuel H. Mays, Jr.*
                                     Samuel H. Mays, Jr.
                                     UNITED STATES DISTRICT JUDGE