IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CAMERON BURRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-02035-SHM-dkv |
| | ) | |
| INDIGO AG INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Indigo AG's ("Indigo") February 6, 2020 Motion to Alter or Amend Judgment (the "Motion to Alter Judgment"). (ECF No. 14.) On February 11, 2020, Plaintiff Cameron Burrell filed a response to the Motion to Alter Judgment, which the Court need not consider. (ECF No. 15.) On February 11, 2020, Indigo filed a Motion for Leave to Reply. (ECF No. 17.)

For the following reasons, the Motion to Alter Judgment is DENIED. The Motion for Leave to Reply is DENIED AS MOOT.

**I. Background**

On December 12, 2019, Burrell filed a Petition for Injunctive Relief (the "Initial Petition") against Indigo in the Chancery Court of Shelby County, Tennessee. (ECF No. 1-3 at 2-

10.) Burrell farms land in Sunflower County, Mississippi, that he leases from the State of Mississippi. (Id. at 3 ¶ 1.) In September 2019, Burrell entered into a contract with Indigo (the "Contract") in which Burrell agreed to sell Indigo 50,000 bushels of soybeans. (Id. at 3 ¶ 2.) Burrell has delivered 8,688.58 of the bushels but has canceled the remainder of the Contract. (Id. at 4 ¶ 4; id. at 21.) The unpaid proceeds for the completed portion of the Contract are $77,850. (See id. at 21; see also ECF No. 1 ¶ 22.) In November 2019, Indigo informed Burrell that it would assess a cancellation penalty of approximately $48,000 of the $77,850 in proceeds it owes Burrell under the Contract. (ECF No. 1-3 at 4-5 ¶ 5.) In the Initial Petition, Burrell sought an injunction "restraining and enjoining [Indigo] from making penalty deductions from [his] account." (Id. at 2.) On December 12, 2019, Burrell's counsel emailed a copy of the Initial Petition to a member of Indigo's in-house counsel team. (Id. at 10.) On December 13, 2019, Indigo's counsel filed a notice of appearance in the Chancery Court. (ECF No. 7-1.)

On December 16, 2019, the Chancery Court entered a temporary restraining order (the "TRO") ordering Indigo to maintain the status quo and hold the $77,850 in unpaid proceeds under the Contract pending an injunction hearing. (See ECF No. 1-3 at 62, 95-96.) On January 6, 2020, Indigo filed a motion to dismiss the Initial Petition for failure to join an indispensable party.

(Id. at 85-91.)  On January 10, 2020, the Chancery Court held an injunction hearing.  (See generally id. at 144-267.)  At that hearing, the Chancery Court denied Indigo's motion to dismiss; granted a mandatory injunction; ordered Indigo to pay the cancellation penalty into escrow with the Chancery Court; and ordered Indigo to pay the balance of the proceeds owed under the Contract to the State of Mississippi.[1]  (Id. at 222-23, 233-41.)  On January 13, 2020, Burrell filed an Amended Petition for Injunctive Relief and Money Damages (the "Amended Petition").  (ECF No. 1-1.)  The Amended Petition reiterates the factual allegations of the Initial Petition, reiterates Burrell's request for an injunction, and adds several claims for damages.  (See generally id.)  On January 16, 2020, Indigo removed to this Court.  (ECF No. 1.)  On January 24, 2020, Burrell filed an Emergency Motion to Remand to State Court (the "Motion to Remand").  (ECF No. 7.)

Under the Local Rules of this District, Indigo had 14 days -- until February 7, 2020 -- to respond to the Motion to Remand.  See LR 7.2(2).  On January 30, 2020, Burrell filed a Motion for Expedited Emergency Hearing.  (ECF No. 8.)  On February 3, 2020,

---

[1] In the Motion to Alter Judgment, Indigo asserts that, following supplemental briefing, the Chancery Court "reversed its [January 10, 2020] ruling" on January 13, 2020, and "ordered that the [TRO] maintaining the status quo of all funds should remain in place." (ECF No. 14-1 at 6 n.1.)

3

Indigo filed a Motion to Compel Arbitration and Stay Proceedings. (ECF No. 11.) As of February 6, 2020, Indigo had not filed a response to the Motion to Remand. On February 6, 2020, this Court issued an Order (the "Remand Order") in which it granted the Motion to Remand and denied as moot the Motion for Expedited Emergency Hearing and the Motion to Compel Arbitration and Stay Proceedings. (ECF No. 12.) On the same day, the Court entered a Judgment remanding the case to the Chancery Court of Shelby County, Tennessee. (ECF No. 13.) On February 6, 2020, after the Court had issued the Remand Order and Judgment, Indigo filed the Motion to Alter Judgment. (ECF No. 14.)

**II. Analysis**

The Court understands the Motion to Alter Judgment to make the arguments opposing remand that Indigo intended to include in any response to the Motion to Remand. (See Motion to Alter Judgment, ECF No. 14-1 at 2 (asserting that "Indigo certainly planned to oppose th[e] Motion to Remand").)

    **A.    Timeliness**

In its February 6, 2020 Remand Order, the Court found that Indigo had solid and unambiguous information that this case was removable as of December 12, 2019, when Burrell filed the Initial Petition in Chancery Court. (See ECF No. 12 at 5-8.) The Court found that, on the face of the Initial Petition and its exhibits, the amount in controversy requirement for diversity jurisdiction

4

was satisfied because the value of the object of the litigation was $77,850, the amount of the unpaid proceeds under the Contract. (Id.) Because Indigo did not file its Notice of Removal until January 16, 2020, the Court concluded that the Notice of Removal was untimely. (Id.)

Indigo argues in its Motion to Alter Judgment that, when Burrell filed the Initial Petition, the amount in controversy was only $48,434, representing the cancellation penalty Indigo planned to deduct from the $77,850 in unpaid proceeds under the Contract. (ECF No. 14-1 at 4-7.) Indigo contends that the Initial Petition sought an injunction barring Indigo from "converting, deducting, offsetting and/or otherwise using secured proceeds . . . to satisfy its cancellation and transportation cost or penalties," and that the parties' arguments at the January 10, 2020 injunction hearing before the Chancery Court focused on whether the requested injunction was warranted. (Id. at 5-6.)

Other portions of the record demonstrate that the entirety of the unpaid proceeds under the Contract were at issue as of the filing of the Initial Petition. The record makes clear that Indigo has yet to pay Burrell any portion of the $77,850 in unpaid proceeds. In its December 16, 2019 TRO, the Chancery Court ordered Indigo to maintain the status quo and hold the $77,850 in unpaid proceeds pending an injunction hearing. (See

5

ECF No. 1-3 at 62, 95-96.) At its January 10, 2020 injunction hearing, the Chancery Court at least initially granted a mandatory injunction ordering Indigo to pay the "cancellation penalty" portion of the unpaid proceeds into escrow with the Chancery Court and the remainder to the State of Mississippi. (Id. at 233-41.) The January 13, 2020 order that Indigo cites also treats the entire unpaid proceeds and orders that the prior TRO should remain in place. (ECF No. 14-1 at 6 n.1.)

Even if the amount in controversy were ambiguous, that ambiguity would be insufficient. As noted in the Court's February 6, 2020 Remand Order, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." (ECF No. 12 at 4) (quoting Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989)); see also Smith v. Nationwide Property and Cas. Ins. Co., 505 F.3d 401, 405 (6th Cir. 2007) ("[A]ll doubts as to the propriety of removal are resolved in favor of remand.") (quoting Jacada, Ltd. v. Int'l Mktg. Strategies, Inc., 401 F.3d 701, 704 (6th Cir. 2005)).

The Court's determination in the Remand Order that Indigo's Notice of Removal was untimely was correct.

**B. Waiver**

In its February 6, 2020 Remand Order, the Court concluded that Indigo had clearly and unequivocally waived its right to

6

remove by filing a dispositive motion in the Chancery Court. (ECF No. 12 at 8-10.) In its Motion to Alter Judgment, Indigo concedes that it "moved to dismiss [in the Chancery Court] for Plaintiff's failure to involve the State of Mississippi" but argues that its action did not constitute waiver of the right to remove because Indigo had no right to remove until January 13, 2020, when Burrell filed the Amended Petition. (ECF No. 14-1 at 7.) As discussed above, Indigo had a basis for removal when the Initial Petition was filed. Rather than remove, Indigo sought dismissal in Chancery Court. Indigo thereby "indicate[d] a submission to the jurisdiction of the state court." Bolivar Sand Co., Inc. v. Allied Equip., Inc., 631 F. Supp. 171, 172 (W.D. Tenn. 1986). "A defendant may not simply 'experiment on his case in the state court, and, upon an adverse decision, then transfer it to the federal court.'" Sole Supports, Inc. v. Mojo Feet, LLC, No. 1:13-cv-0061, 2013 WL 12336228, at *1 (M.D. Tenn. Aug. 7, 2013) (quoting Rosenthal v. Coates, 148 U.S. 142, 147 (1893)).

The Court's determination in the Remand Order that Indigo waived its right to remove was correct.

**III. Conclusion**

For the foregoing reasons, the Motion to Alter Judgment is DENIED. The Motion for Leave to File Reply is DENIED AS MOOT.

7

So ordered this 11th day of February, 2020.

/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE